## 18210.   JOHNSON *v.* THE STATE.

PER CURIAM.   The indictment charges that the defendant, "being an officer, director, agent, clerk, and employee of the Farmers Bank of Climax, Ga., did embezzle, abstract, and wilfully misplace [misapply] the monies and funds of said bank, to and in the amount and value of the sum of $20,000, with the intent to injure and defraud the bank." The word "funds" includes all the available assets of the bank, and therefore the charge complained of in the second special ground of the motion for a new trial is without merit.   The defendant's conviction of the charge was authorized by the evidence, and no reversible error is shown by the special grounds of the motion for a new trial.
> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED JULY 14, 1927.

Embezzlement; from Decatur superior court—Judge Custer. May 20, 1927.

Certiorari was granted by the Supreme Court.

*A. B. Conger, W. I. Geer,* for plaintiff in error.

*B. C. Gardner, solicitor-general,* contra.

LUKE, J., dissenting.   The indictment was found under the banking act (Ga. L. 1919, p. 216; Park's Penal Code Supp. 1922, § 202(t)).   It charges that the defendant "did embezzle, abstract, and wilfully misplace [misapply] the monies and funds of said bank to and in the amount and value of the sum of $20,000."   The court instructed the jury as follows: "There must have been an embezzling, misappropriation, or defrauding or abstracting, of either money, or note, or checks, or funds, or assets of the bank, before you would be authorized to convict the defendant."   The writer is of the opinion that this charge was misleading and confusing to the jury, in that it authorized them to convict the defendant of embezzling, abstracting, and wilfully misapplying notes, or checks, or assets of the bank, when the indictment made no such charge.

---

Banks and Banking, 7 C. J. p. 579, n. 11.